IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM D. BAKER, §
§ No. 477, 2022
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 2107008312 (S)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: March 8, 2023
Decided: May 4, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, William D. Baker, appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Baker's opening brief that his appeal is without merit. We agree and affirm.

(2) On August 8, 2022, Baker pleaded guilty to two counts of misdemeanor theft and one count of third-degree forgery. In accordance with the plea agreement, the Superior Court immediately sentenced Baker for each conviction to one year of incarceration, suspended for one year of Level III probation.

(3) On October 5, 2022, Baker's probation officer filed an administrative warrant alleging that Baker had violated the terms of his probation because he had (i) been charged with new felony offenses in Kent County, (ii) failed to report to probation, (iii) failed to report his change of address, and (iv) not complied with the special conditions of the court's sentence. Following a hearing on December 2, 2022, the Superior Court found that Baker had violated the terms of his probation. The Superior Court re-sentenced Baker as follows: (i) for misdemeanor theft, to one year of incarceration, suspended after his successful completion of a Level IV program (to be determined by the Department of Correction) for one year of Level III probation; (ii) for misdemeanor theft, to seven months of incarceration (taking into account all time previously served), suspended for one year of Level III probation; and (iii) for third-degree forgery, to one year of incarceration, suspended for one year of Level III probation. This appeal followed.

(4) In his opening brief on appeal, Baker does not dispute that he violated the terms of his probation. Instead, Baker argues that the Superior Court "could have" consolidated his VOP with another he faced in the Court of Common Pleas because they were based on the same violation—the criminal charges for which he was arrested in Kent County. Baker also claims that he was not given credit for the time he served awaiting the disposition of these new criminal charges and that he has medical needs that cannot be met by the DOC. Baker's claims are unavailing.

2

(5) Although the Superior Court can consolidate VOPs in separate cases within its jurisdiction, the Superior Court cannot, as Baker contends, exercise jurisdiction over cases outside of its jurisdiction—including Baker's VOP in the Court of Common Pleas. And to the extent that Baker claims he was not given credit for time served in this case, the record does not support his conclusory claim. As a final matter, the DOC may apply for the modification of Baker's sentence under 11 *Del. C.* § 4217 if it determines that it is unable to meet his medical needs.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice